MATTER OF RUNGRERNG

In Visa Petition Proceedings

A–18622281

*Decided by Board March 26, 1975*

Under the law of Thailand, an adoption is not effected unless it has been registered in accordance with law. This registration provision does not have retroactive effect. Beneficiary was born in 1950 and adopted at birth. However, the adoption was not registered until 1966, after the beneficiary had passed 14 years of age. Since the beneficiary was over the age of 14 he could not be classified as the unmarried adopted son of the petitioner under section 203(a)(2) of the Immigration and Nationality Act.

ON BEHALF OF PETITIONER: Pro se

The lawful permanent resident petitioner applied for preference classification for the beneficiary as her unmarried adopted son under section 203(a)(2) of the Immigration and Nationality Act. In a decision dated December 12, 1974, the district director denied that petition. The petitioner has appealed from that denial. The appeal will be dismissed.

The beneficiary is a native of Thailand who was born in 1950. The petitioner claims that she and her husband, both natives of China, adopted the beneficiary at birth, and that there were no formal requirements for adoption in Thailand at that time. The petitioner alleges that in 1966 the Thai Government imposed an adoption law requiring registration.

The adoption of the beneficiary was registered in Thailand in 1966. By that time, however, the beneficiary was beyond the 14-year age limitation for adoption in accordance with section 101(b)(1)(E) of the Immigration and Nationality Act. Thus the petitioner's adoption of the beneficiary cannot be recognized for immigration purposes unless a valid adoption occurred under the law of Thailand prior to the beneficiary's fourteenth birthday and the residency and legal custody requirements of section 101(b)(1)(E) have also been satisfied.

We have received a memorandum of the adoption law of Thailand prepared by the Far Eastern Law Division of the Library of Congress in March 1975. That memorandum states that the only legal system for adoption in Thailand has been in effect since 1935. This refutes the petitioner's claim that new requirements for adoption were imposed by the Thai Government subsequent to the beneficiary's birth in 1950.

The provisions relating to adoption are contained in sections 1582–1593, Chapter IV, Title II, Book V (Book of Family) of the Civil and Commercial Code of Thailand. In addition to the other requirements for adoption set forth in the Civil and Commercial Code, section 1585 states that the validity of an adoption is contingent upon its being registered in accordance with law. Such registration must be effected in compliance with the provisions of section 22 of the Family Registration Act.

The memorandum states, however, that registration confers no retroactive validity upon the adoption. Consequently, assuming that the adoption of the beneficiary complied with other requirements of Thai law, it became valid only upon its registration in 1966. Since the beneficiary was then over the age of 14, he is not eligible for preference classification as the adopted son of the petitioner.

The district director's decision was correct. The appeal will be dismissed.

**ORDER:** The appeal is dismissed.